**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM CARRANZA GALVEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-70407 <br><br> Agency No. A201-238-026 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 5, 2017
Pasadena, California

Before: CLIFTON and OWENS, Circuit Judges, and ANTOON,** District Judge.

Petitioner William Carranza Galvez petitions for review of the Board of

Immigration Appeals' (BIA) order dismissing his appeal of an immigration judge's

(IJ) order of removal and denial of a motion to suppress. As the parties are

familiar with the facts, we do not recount them here. For the reasons stated below,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

we deny the petition for review.

1. The BIA correctly found no error in the IJ's denial of Petitioner's motion to suppress or in the IJ's decision not to hold a hearing on that motion. Although "under the clearly established law of this circuit evidence must be suppressed [in a removal proceeding] if it was obtained through an egregious violation of the Fourth Amendment," *Orhorhaghe v. INS,* 38 F.3d 488, 493 (9th Cir. 1994), the facts set forth in Petitioner's declaration in support of his motion to suppress did not present a prima facie case of an egregious Fourth Amendment violation.

2. Petitioner did not exhaust his detention-based claims, and the Court thus lacks subject-matter jurisdiction to consider them. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that "§ 1252(d)(1) mandates exhaustion and therefore generally bars [this Court], for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below").

3. Petitioner also failed to exhaust his due process claims, and accordingly the Court lacks subject-matter jurisdiction to consider those claims as well. *See* 8 U.S.C. § 1252(d)(1); *Barron,* 358 F.3d at 678 (noting that although "the principle of exhaustion may exclude certain constitutional challenges that are not within the

2

competence of administrative agencies to decide," due process claims that do not "involve more than 'mere procedural error' that an administrative tribunal could remedy" are subject to the exhaustion requirement).

**PETITION FOR REVIEW DENIED**.